# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| | ) | **AND JURY DEMAND** |
| POWERLINK FACILITIES MANAGEMENT SERVICES, LLC | ) ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Arica Jones. As alleged with greater particularity in paragraph 13 below, the Commission alleges that Defendant, Powerlink Facilities Management Services, LLC, violated the Americans with Disabilities Act by failing to accommodate Jones and discharging her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant, Powerlink Facilities Management Services, LLC, (the "Employer"), has continuously been a corporation doing business in the State of Michigan and the City of Detroit and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Arica Jones filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.     On December 21, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to

eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On February 14, 2019, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. In or about December 2016, Defendant Employer engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

    a.    Arica Jones is an individual with a disability. Jones has a hearing impairment that substantially limits her ability to hear.

    b.    In November 2016, Jones applied to work for Defendant as a housekeeper.

    c.    Jones was hired on or about November 28, 2016.

    d.    Jones was not allowed to start working because Defendant did not have orientation training videos with closed-captioning.

    e.    Instead of finding a way to accommodate Jones, Powerlink discharged her.

    f.    Defendant violated the ADA by failing to provide Jones with a reasonable accommodation of her disability, opting instead to terminate her.

14. The unlawful employment practices complained of in paragraph 13 above were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Jones.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to hire qualified employees with disabilities.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Jones whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.     Order Defendant Employer to make whole Jones by providing compensation for past and future pecuniary losses resulting

from the unlawful employment practices described in paragraph 13 above in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Jones by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Jones punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KENNETH L. BIRD
Regional Attorney

OMAR WEAVER
Supervisory Trial Attorney


Dated: July 11, 2019            s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT FIELD OFFICE
Patrick V. McNamara Federal
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov